**FILED**
**U.S. District Court**
**District of Kansas**
04/29/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENDEN COLE ROBBINS,

    **Plaintiff,**

    v.                         CASE NO.  26-3034-JWL

FRANKLIN COUNTY ADULT
DETENTION CENTER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Brenden Cole Robbins began this pro se action under 42 U.S.C. § 1983 by filing a complaint on February 17, 2026. (Doc. 1.) He later filed a motion for leave to proceed in forma pauperis (Doc. 3), which the Court granted on March 10, 2026 (Doc. 4). The Court assessed an initial partial filing fee of $11.00 and granted Plaintiff until and including April 9, 2026 to submit the fee. *Id.* Plaintiff was cautioned that "[t]he failure to pay the fee as directed may result in the dismissal of this matter without further notice." *Id.*

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court then conducted the statutorily required screening of Plaintiff's complaint. *See* 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B). On March 11, 2026, the Court issued a memorandum and order to show cause ("MOSC") setting forth the screening standards and identifying deficiencies in the complaint that left this matter subject to dismissal in its entirety for failure to state a claim on which relief could be granted. (Doc. 5.)

Specifically, the MOSC explained that the Ford County Adult Detention Center, which Plaintiff named as a Defendant in this case, is not suable under 42 U.S.C. § 1983; the complaint failed to sufficiently allege that Defendant Tammy Alexander personally participated in a

1

constitutional violation; neither of the Counts asserted in the complaint stated a plausible claim for relief; and the relief Plaintiff seeks in this case is unavailable to him. *Id.* at 4-10. The Court granted Plaintiff to and including April 21, 2026 to show cause why this matter should not be dismissed for failure to state a claim on which relief could be granted. *Id.* at 11. Plaintiff was expressly cautioned that if he "fails to timely respond to this order, this matter will be dismissed for the reasons stated  in this order without further prior notice to Plaintiff." *Id.* at 10.

The April 9, 2026 deadline for payment of the initial partial filing fee has passed and the Court has not received payment. Similarly, the April 21, 2026 deadline for Plaintiff to respond to the MOSC has passed and the Court has not received a response. Therefore, the Court concludes that this matter should be dismissed for failure to state a claim on which relief could be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

**Dated April 29, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

2